## VADEN v. RALEIGH COUNTY BANK.

### Civ. A. No. 531.

District Court, S. D. West Virginia.

May 27, 1946.

A. D. Preston, of Beckley, W. Va., for plaintiff.

Ashworth & Sanders and C. C. Sanders, all of Beckley, W. Va., for defendant.

MOORE, District Judge.

The defendant owns a six-story office building in the city of Beckley, West Virginia. The first floor is occupied and used in conducting the defendant's general banking business. All the other floors are devoted to offices which are occupied variously by some persons engaged in purely local employment, and by others the nature of whose business is interstate. However, there is no tenant in the building who is engaged in the production, shipment, sale or delivery of any kind of goods in interstate commerce, or in controlling such production.

On the ground floor of the building there is a small entrance lobby from which an elevator and stairs furnish access to the upper floors. Opening from the lobby to the workroom of the bank is a small after-hours depository maintained by the defend-

ant for the purpose. of receiving deposits from customers of the bank who wish to make such deposits after banking hours. This depository was kept locked and depositors of the bank, or some of them, were furnished with keys to it. But in case a depositor had no key, or had forgotten it, a notice posted by the defendant directed that application be made to the caretaker who would furnish the necessary key and see that the deposit was made.

Plaintiff was employed by defendant as night janitor of the office building. He was not required to do any work in the banking room, nor is it shown that he was even furnished with a key to that part of the building His duties were principally and primarily to sweep and dust the offices on the five upper floors. In addition, he was required to clean the small lobby already mentioned, to keep the furnace going which supplied heat to the entire building, and to unlock the depository for after-hour depositors who were not provided with keys of their own. He also occasionally operated the elevator to take persons to offices on the upper floors at night, but this was not shown to be a part of his duties.

Plaintiff claims that beginning October 24, 1938, and ending December 31, 1941, he was required to work 12 hours each day and 7 days each week, being paid for his work the sum of $70 per month. He claims to be entitled to compensation for overtime work in the amount of $2,279.56, and he brings his suit for this amount plus an equal amount as liquidated damages and an attorney's fee.

Defendant contends (1) that the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., under which plaintiff sues is not applicable to plaintiff's employment, (2) that that portion of plaintiff's claim alleged to have accrued prior to July 27, 1940, is barred by the West Virginia Statute of Limitations, Code, 55-2-6, (3) that defendant has already paid to plaintiff all amounts that may have been due him for overtime work within the period of his claim, and (4) that defendant was not required to work at his employment, and did not work, 12 hours each day, nor any overtime in excess of that for which he has already received payment.

By the pre-trial order the issues were specified as follows:

(a) Was the plaintiff's employment in interstate commerce as contemplated by the Fair Labor Standards Act?

(b) Does the West Virginia Statute of Limitations bar the plaintiff's claim or any part thereof?

(c) Does the settlement alleged by the defendant prevent the plaintiff from recovering in this action any amounts which he would be entitled to in the absence of the settlement, less such amounts, if any, as were received in the settlement?

(d) What was the number of hours in each week of the period covered that the plaintiff was required by the defendant to work for it?

(e) What is the correct computation of the plaintiff's claim against the defendant, in the event it is decided that he has established a claim?

In considering the first of these issues my attention has been directed to the fact that for a long time during the early years of the history of litigation under the Fair Labor Standards Act there was much confusion in the cases as to when and under what circumstances the nature of a maintenance employee's work was such as to be comprehended within the scope of the Act. A review of these cases would serve no useful purpose, since I believe that a reasonably satisfactory criterion for District Courts was established by the Supreme Court of the United States in the two cases of 10 East 40th Street Building, Inc. v. Callus et al., 325 U.S. 578, 65 S.Ct. 1227, 89 L.Ed. 1806, and Borden Co. v. Borella et al., 325 U.S. 679, 65 S.Ct. 1223, 89 L.Ed. 1865. These two cases discuss and amplify the prior leading case of Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638. The rule laid down in the two cases mentioned is, briefly, that if a building is occupied by persons engaged in the manufacture or production of goods in interstate commerce, or by central offices controlling the production of such goods elsewhere, then maintenance em-

ployees of such building are covered by the Act, but if no such production or control of production is carried on in the building, the Act is not applicable.

█ Applying this distinction to the circumstances of the case under consideration, I find that none of the occupants of offices in defendant's building are engaged in the production of goods or in the control of such production. Plaintiff's duties in connection with the bank's own business were so slight as to be almost negligible. Therefore, without entering into any detailed discussion of the evidence, I conclude that the nature of plaintiff's employment does not bring him within the scope of the Fair Labor Standards Act.

Since the decision of this underlying question must result in a dismissal of plaintiff's complaint, it is not essential that anything further be said. However, I believe that the parties are entitled to the Court's opinion and finding on some of the other issues raised, and therefore proceed to make such findings as follows:

It was stipulated by the parties that the West Virginia Statute of Limitations does bar that part of plaintiff's claim alleged to have accrued prior to July 27, 1940.

█ The settlement made by defendant with plaintiff did not prevent plaintiff from recovering for any overtime due him in excess of the amount paid to him by the defendant in the settlement, provided the nature of his employment gave him the right to sue under the Act, which I have held it did not.

█ In this connection I find that the plaintiff was not required by the defendant to work 12 hours each day and 7 days each week as contended by the plaintiff. His own testimony in this regard was vague and uncertain. He fixed 12 hours as the duration of his nightly work, but aside from his bare statement to that effect it might as well have been any other number of hours, for he was merely required to work long enough to clean up the offices and entrance lobby and take care of the furnace; and he testified himself that since January 1, 1942, and up to the present time he has done that work within the maximum number of hours specified by the Act, with some small instances of overtime work. Also, a witness who was employed as a substitute for plaintiff upon occasion testified that he was able to do plaintiff's work well within the maximum hours; and other witnesses familiar with the situation gave it as their opinion that the work could easily be performed without any overtime. It was also shown that the management of the bank had no knowledge that plaintiff was working any overtime, or that he contended that he was so doing until the latter part of December, 1941. It was testified that plaintiff at that time made the claim to the assistant cashier that he had worked 2 hours per week overtime. A calculation was thereupon made and plaintiff was paid the sum of $77.56, for which he signed a receipt, and which he does not deny was a proper calculation if his overtime was no more than 2 hours per week. Plaintiff says in his testimony that he accepted the check for $77.56 not knowing or inquiring what it was for. I find myself unable to believe this statement, but believe that the testimony of the assistant cashier is more credible, and therefore find that the plaintiff having claimed in December, 1941, no more overtime than that for which he received full payment in the settlement made at that time, he cannot now recover on a different basis from what he then claimed.

It follows from what has been said that plaintiff is precluded from recovering anything in this action, both by reason of the inapplicability of the Fair Labor Standards Act to his employment, and his failure to establish by a preponderance of credible evidence that he worked any overtime during the period in excess of that for which he has already been fully paid by the defendant.

An order may be presented for entry dismissing plaintiff's complaint.